**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARY PATRICIA BLACK, | ) | CASE NO. ED CV 08-01686 RZ |
| Plaintiff, | ) | |
| | ) | ORDER AWARDING FEES |
| vs. | ) | PURSUANT TO 42 U.S.C. § 406(b) |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

    Counsel for Plaintiff has moved for an award of fees pursuant to 42 U.S.C. § 406(b), seeking $24,516.63, the amount that appears to correspond to 25% of the past-due benefits, and which is the maximum allowed by statute. Although the Court considers the matter quite close, the Court determines that the amount is reasonable.

    Under *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002), the Court starts with the contract, and then determines whether the amount yielded by the contingency fee contract is reasonable in the particular case. The contract provides that counsel will represent Plaintiff in connection with the federal court proceedings. It does not provide that counsel will represent Plaintiff in connection with administrative proceedings before the agency, nor does the governing statute allow fees for such agency representation; rather, § 406(b) is, by its terms, restricted to work performed in court.

Thus, the Commissioner is correct that, of the hours submitted by Plaintiff, only 24.25 of the hours pertain to work performed in court. Using these hours as a check on the reasonableness of the request, as *Gisbrecht* mandates, the effective rate exceeds $1,000 per hour, and represents about two and a half times counsel's normal billing rate. No precise formula exists for assessing such rates, but these rates appear to the Court to place counsel at the outer edge of what is reasonable.

Nevertheless, counsel's work was skilled; Plaintiff accedes to counsel's request; the contract is valid; and counsel took all the risks attendant upon litigating a social security case. Were the Court to start with the lodestar, it might well reduce the requested fee. Starting, however, with the contract, the court cannot say that, in the particular facts of this case, the requested amount is unreasonable.

Accordingly, the Commissioner shall pay counsel for Plaintiff, out of Plaintiff's past due benefits, the sum of $24,516.63. Upon receipt of this sum, counsel shall reimburse Plaintiff the sum of $4,100 previously paid under the Equal Access to Justice Act.

IT IS SO ORDERED.

DATED: October 13, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE